# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Grace Kelly, | Case No. 2:24-cv-00319-CDS-DJA |
| Plaintiff | **Order Overruling Defendant's Objection and Affirming Magistrate Judge's Order** |
| v. | |
| The Burks Companies, Inc., et al., | |
| Defendants | [ECF Nos. 27, 31] |

  This is a slip and fall case brought by Grace Kelly against defendants The Burks Companies, Inc. and LVGV, LLC. *See* Compl., ECF No. 1-2. LVGV filed a motion for a Rule 35 examination, to which plaintiff Grace Kelly filed a limited opposition. Mot., ECF No. 21; Opp'n, ECF No. 24. Specifically, LVGV requested that Kelly submit to a neuropsychological examination and evaluation by Dr. Staci Ross. ECF No. 21 at 3. In response, Kelly argues that (1) she must be permitted all of Dr. Ross's raw data so that she may cross-examine her, and (2) she must be permitted to have an observer present and record the examination pursuant to Nev. Rev. Stat. (NRS) § 629.620. ECF No. 24 at 4, 10. In reply, LVGV argues that NRS 629.620 does not apply in federal court, and that Kelly's access to the raw data should be limited as proposed by Dr. Ross. ECF No. 25 at 3.

  On December 2, 2024, United States Magistrate Judge Daniel J. Albregts held a hearing on the motion and held that NRS 629.620 applied to the examination, allowing an observer to be present, and that a release of all of Dr. Ross's raw data, with a protective order, would allay the concerns articulated by LVGV and Dr. Ross with regard to releasing all of the data. *See generally* H'rg. tr., ECF No. 31.[1] LVGV objected to Judge Albregts's order under Local Rule IB 3-1. Obj., ECF No. 27. Kelly opposes the objections. Resp., ECF No. 30. For the reasons herein, I overrule LVGV's objections and affirm Judge Albregts's ruling in its entirety.

---

[1] The hearing transcript serves as the order.

I.      **Legal standard**

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination[.]" *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

II.     **Discussion**

LVGV objects to both parts of Judge Albregts's ruling—the decision that NRS 629.620 applies to the examination and the release of all of Dr. Ross's raw data. *See generally* ECF No. 27. I address each part separately.

Turning first to the Rule 35 examination and the question of whether Kelly is entitled to an observer, LVGV argues that NRS 629.620 is procedural, not substantive, and does not apply in federal court. *Id.* at 3. In its objection, LVGV states that it has "no new arguments that were not presented" to this court in a prior case, *Dayley v. LVGV, LLC*, 2024 U.S. Dist. LEXIS 188759 (D.

Nev. Oct. 16, 2024). *Id.* In Kelly's opposition, she argues that the analysis in *Dayley* is controlling and the Nevada statute does apply in federal court. ECF No. 30 at 2. Indeed, in *Dayley*, LVGV filed a motion for a Rule 35 examination and argued that NRS 629.620[2] was procedural and did not apply in federal courts. *See* 2024 U.S. Dist. LEXIS 188759, at *2. Ultimately, relying on the text's legislative history and the Nevada legislature's intent, I held that NRS 629.620 was substantive in nature and did apply in federal courts. *Id.* at *3–11.

LVGV provides no new argument indicating that Judge Albregts's decision was clearly erroneous or contrary to law. Rather it argues, without citing supporting authority, that "[a] state legislature cannot control a federal court's procedure merely by enacting a conflicting statute that allows for private causes of action if the rule is violated." ECF No. 27 at 3.[3] Its argument boils down to nothing more than disagreement with Judge Albregts's decision to adopt and apply my decision in *Dayley*. *See* Hr'g tr., ECF No. 31 at 9–10. As LVGV presents no new arguments demonstrating why the ruling in *Dayley* is incorrect or should not control the outcome here, I incorporate the reasoning outlined in *Dayley* to this order and overrule LVGV's objection as it relates to Kelly's right to have an observer in the examination room pursuant to NRS 629.620. *See generally* 2024 U.S. Dist. LEXIS 188759. This objection is overruled.

Turning now to LVGV's objection relating to the release of Dr. Ross's raw data. LVGV argues that, although it does not disagree with Judge Albregts's ruling, Judge Albregts's failure to define the word "confidential" has created clear error. ECF No. 27 at 3–4. In response, Kelly argues that LVGV has not demonstrated how Judge Albregts's failure to define the term "confidential" creates ambiguity. ECF No. 30 at 2. It is unclear why this question is before me in the form of an objection instead of before Judge Albregts in a motion for clarification. Further, it

---

[2] In *Dayley* this statute is referred to as A.B. 244, which was the assigned assembly bill number. That bill was codified at NRS 629.620.

[3] The court agrees with LVGV that this issue raises concerns about federalism. However, without any new argument or citation to relevant authority, there is no basis for me to reconsider my prior decision. Additionally, there are two petitions challenging the constitutionality of NRS 629.620 pending before the Supreme Court of Nevada, but no decision rendered in either of these petitions. In fact, no date has been set for oral argument.

is also unclear as to why this cannot be worked out between the parties through a meet and confer, and thereafter only, if necessary, motions practice. Nonetheless, Judge Albregts not defining "confidential" does not instill in the court "a definite and firm conviction that a mistake has been committed." *Sec. Farms*, 124 F.3d at 1014. Therefore, this objection is overruled. The parties are ordered to meet and confer within 14 days of this order in an attempt to resolve confidentiality concerns. As Judge Albregts's order was neither clearly erroneous nor contrary to law, it is affirmed in its entirety.

**III.    Conclusion**

IT IS HEREBY ORDERED that LVGV's objection/appeal of Judge Albregts's order **[ECF No. 27] is OVERRULED**, therefore Judge Albregts's order **[ECF No. 31] is AFFIRMED in its entirety.**

Dated: August 12, 2025

_____
Cristina D. Silva
United States District Judge