UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Grace Kelly, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LVGV, LLC, a Nevada Limited Liability Company dba M Resort Spa Casino; The Burks Companies, Inc., a Georgia Corporation; et al.<br><br>Defendants.<br><br>And related crossclaims. | Case No. 2:24-cv-00319-CDS-DJA<br><br>**Order** |

This is a slip and fall case arising out of Plaintiff Grace Kelly's allegation that on December 15, 2021, she slipped on debris littering the bathroom floor at the M Resort Spa Casino. Plaintiff sues Defendant and Cross-claimant LVGV, LLC dba M Resort Spa Casino and Defendant and Cross-defendant The Burks Companies (which company she alleges is responsible for maintenance at the M Resort) for damages, alleging one cause of action for negligence.[1] Defendant LVGV moves to extend the time for Plaintiff to respond to four "contention" interrogatories that Defendant served a little less than thirty days before the discovery cutoff deadline. (ECF No. 34). Defendant also moves to compel Plaintiff to respond to those interrogatories over Plaintiff's objections that the interrogatories improperly seek attorney client and work product privileged information. (ECF No. 34).[2] Because the Court finds that

---

[1] LVGV brings a cross claim against Burks, asserting that Burks has breached its contractual obligation to defend and indemnify LVGV in the event of a lawsuit. (ECF No. 1-4). Because Burks is not involved in the instant motion practice, the Court refers to LVGV as "Defendant."

[2] Defendant's motion should have been filed twice. *See* LR IC 2-2(b). Nonetheless, in the interest of resolving this issue, the Court considers the motion as it is filed.

Defendant has shown good cause and excusable neglect for the extension it seeks, it grants that portion of Defendant's motion. However, because the Court finds that, as written, Defendant's interrogatories require Plaintiff to divulge work product, the Court denies Defendant's request that it compel Plaintiff to respond to those interrogatories. Although the discovery deadline has passed, because the Court granted the motion to extend time, the Court will give Defendant leave to re-write and re-serve the interrogatories and will consider those interrogatories to be timely.

**I.   Background.**

On June 6, 2025—thirty days before the July 7, 2025, close of discovery—counsel for Defendant emailed and mailed four contention interrogatories to Plaintiff's counsel. (ECF No. 34 at 2). Those interrogatories requested the following:

> **Interrogatory 22:** Please specifically identify the evidence you contend demonstrates LVGV, LLC knew the hazard on the floor that allegedly caused your fall was a virtually continuous condition and explain how you believe that evidence supports your contention.
>
> **Interrogatory 23:** Please specifically identify the evidence you contend demonstrates LVGV, LLC could or should have known before you fell about the hazard on the floor that allegedly caused your fall and explain how you believe that evidence supports your contention.
>
> **Interrogatory 24:** Please specifically identify the evidence you contend demonstrates LVGV, LLC had actual notice of the hazard on the floor that allegedly caused your fall and explain how you believe that evidence supports your contention.
>
> **Interrogatory 25:** Please specifically identify the evidence you contend demonstrates LVGV, LLC created the hazard on the floor that allegedly caused your fall and explain how you believe that evidence supports your contention.

Plaintiff objected to the interrogatories as being untimely given the fact that responses were due within thirty days of service under Federal Rule of Civil Procedure 33(b)(2), plus an additional three days for service by mail under Federal Rule of Civil Procedure 6(d). (*Id.* at 3). Plaintiff also objected that the interrogatories improperly sought information protected by the attorney client and work product privileges. (*Id.*).

1  Defendant now moves to extend the discovery period by the three days necessary for
2  Plaintiff to respond to the interrogatories. (*Id.* at 4). It explains that, throughout discovery, the
3  parties had both emailed and mailed discovery to one another, even though Plaintiff now asserts
4  that she never specifically consented to e-service. (*Id.*). Additionally, it explains that it sought to
5  serve its contention interrogatories as late in discovery as possible to comply with Federal Rule of
6  Civil Procedure 33(a)(2), which provides that "[a]n interrogatory is not objectionable merely
7  because it asks for an opinion or contention that relates to fact or the application of law to fact,
8  but the court may order that the interrogatory need not be answered until designated discovery is
9  complete, or until a pretrial conference or some other time." (*Id.*). Defendant also moves to
10 compel Plaintiff's responses to the interrogatories, arguing that they are proper contention
11 interrogatories and do not seek privileged or work product protected information. (*Id.*).
12  Plaintiff argues that Defendant has failed to show excusable neglect for serving its
13 interrogatories late. (ECF No. 41 at 2-3). Plaintiff adds that Defendant's interrogatories
14 improperly seek Plaintiff's counsel's legal reasoning and mental impressions, because they do not
15 ask for facts to support a claim, but rather ask Plaintiff to "review the current file, identify the
16 specific facts and testimony of each witness, video evidence, and reports, and explain how that
17 evidence supports various legal theories." (*Id.* at 4). Plaintiff asserts that these interrogatories are
18 particularly concerning because they ask Plaintiff to "explain how you believe that the evidence
19 supports your contention," which is improper to ask of Plaintiff, who does not know, for example
20 what constitutes a "virtually continuous condition." (*Id.* at 4-5).
21  In reply, Defendant argues that its interrogatories do not invade the attorney client
22 privilege and that, to the extent they did, Plaintiff waived her privilege objection by failing to
23 describe the nature of the documents she is withholding in a privilege log. (ECF No. 43 at 3-4).
24 Defendant asserts that the interrogatories do not invade the work product privilege by asking
25 Plaintiff to identify which information proves her claims because Rule 33(a)(2) explicitly
26 provides for interrogatories which seek "the application of law to fact" in an effort to uncover the
27 factual basis for Plaintiff's claims. (*Id.* at 5). But even if they did implicate the work product
28 doctrine, Defendant asserts that Plaintiff has not carried her burden of showing that the

information is protected by the work product doctrine. (*Id.*). Defendant adds that it is not asking Plaintiff to identify exact documents and witnesses that she intends to use to prove her claims, but rather to identify facts that support them. (*Id.* at 6).

**II.  Discussion.**

    ***A.  The Court grants Defendant's request for extension.***

Under Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Nevada Local Rule 26-3 further requires that a party seeking to extend a scheduled deadline that has already passed show "that the failure to act was the result of excusable neglect."

Here, Defendant has shown good cause and excusable neglect to extend the discovery deadline for Plaintiff to respond to its interrogatories. The Court is persuaded by Defendant's argument that it was attempting to serve its contention interrogatories as late as possible and simply miscalculated the service deadline given the fact that the parties had relied on both email and mail service throughout the discovery process. The Court therefore grants Defendant's request to extend time.

    ***B.  The Court denies Defendant's request to compel Plaintiff to respond to the interrogatories as written.***

When a party fails to respond to requested discovery, the party propounding the discovery may move to compel that discovery. Fed. R. Civ. P. 37(a). Nonetheless, broad discretion is vested in the district court to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Rule 33 governs interrogatories and Rule 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the

application of law to fact…" Often the phrase contention interrogatory is used imprecisely. *Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2016 WL 1611584, at *1 (D. Nev. Apr. 21, 2016); (citing *Nat'l Acad. of Recording, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009)). The Northern District of California's decision in *In re Convergent Tech Sec. Litig.*, illustrates this point:

> Some people would classify as a contention interrogatory any question that asks another party to indicate *what* it contends... Another kind of question ... asks an opposing party to state all the *facts* on which it *bases* some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the *evidence* on which it *bases* some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to *how the law applies to facts*. A variation on this theme involves interrogatories that ask parties to spell out the *legal basis* for, or theory behind, some specified contention.

*Id.* (quoting *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (emphasis in original).

            1.     <u>Attorney client privilege.</u>

"The attorney-client privilege is the oldest of the privileges for confidential communications" and "[i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). In federal cases based on diversity jurisdiction, courts apply state law to questions of attorney-client privilege. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1328 (9th Cir. 1995); *Spargo v. State Farm Fire & Cas. Co.*, No. 2:16-cv-03036-APG-GWF, 2017 WL 2695292, at *3 (D. Nev. June 22, 2017).

///

///

///

In Nevada, the attorney-client privilege is codified in Nevada Revised Statute 49.095 which provides:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications:
>
> 1. Between the client or the client's representative and the client's lawyer or the representative of the client's lawyer;
>
> 2. Between the client's lawyer and the lawyer's representative;
>
> 3. Made for the purpose of facilitating the rendition of professional legal services to the client, by the client or the client's lawyer to a lawyer representing another in a matter of common interest.

The Nevada Supreme Court has held that the attorney-client privilege should be narrowly construed because it obstructs the search for truth. *See Whitehead v. Comm'n on Jud. Discipline*, 873 P.2d 946, 968 (Nev. 1994). Only communications, and not facts are subject to the privilege. *Wardleigh v. Second Jud. Dist. Ct.*, 891 P.2d 1180, 1184 (1995); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 625 (D. Nev. 2013). The party asserting the privilege has the burden of establishing all the elements of the privilege, including that it has not been waived. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2014 WL 12782269, at *2 (D. Nev. June 20, 2014) (relying on Nevada law for the elements of attorney client privilege and Ninth Circuit law for proposition that the burden lies with the party asserting the privilege). Additionally objections to interrogatories must be stated with specificity and, when a party withholds information by claiming that the information is privileged, the party must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced. *In re MGM Mirage Securities Litigation*, No. 2:09-cv-01558-GMN-VCF, 2014 W 6675732, at *4-5 (D. Nev. Nov. 25, 2014) (citing Fed. R. Civ. P. 33(b)(4) and Fed. R. Civ. P. 26(b)(5)(A)).

Plaintiff has not carried her burden of showing why the attorney client privilege prevents her from responding to these interrogatories. As a preliminary matter, Plaintiff's objections do not sufficiently assert privilege. Plaintiff simply states that the "interrogatories improperly seek information protected by the attorney-client privilege…The requests would require Plaintiff to

disclose confidential communications with counsel…" (ECF No. 34 at 3). But Plaintiff does not describe the nature of the communications she is withholding on the basis of privilege. Plaintiff also fails to do this in her brief. Plaintiff has not shown that the interrogatories would require her to disclose confidential communications between her and her lawyer. While Plaintiff asserts that she must consult with her attorney to answer the interrogatories, that does not mean that Plaintiff would be required to disclose those communications—rather than simply the facts about which Plaintiff and her attorney communicated—to respond to the interrogatories. Only communications, and not facts, are protected by the attorney client privilege. So, narrowly construing the privilege, the Court declines to find that the interrogatories violate Plaintiff's attorney client privilege.

## 2. Work product doctrine.

"Unlike the attorney-client privilege, the application of the work product doctrine in diversity cases is determined under federal law." *Kandel v. Brother Intern. Corp.*, 683 F.Supp.2d 1076, 1083 (C.D. Cal. Feb. 1, 2010) (citing *Frontier Refining, Inc. v. Gorman–Rupp, Inc.*, 136 F.3d 695, 702 n. 10 (10th Cir. 1998); *United States Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1987)); *see also Moe v. System Transport, Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. Pro. 26(b)(3)(A). The attorney work product privilege shields both opinion and factual work product from discovery. *See Pac. Fisheries, Inc. v. U.S.*, 539 F.3d 1143, 1148 (9th Cir. 2008).

The Advisory Committee notes to Rule 26(b)(3), codifying the work product doctrine, have acknowledged that Rule 33 interrogatories may require some disclosure of an attorney's mental impressions. The Advisory Committee pointed out that under its amendments to Rule 33 "a party and his attorney or other representative may be required to disclose, *to some extent*, mental impressions, opinions, and conclusions." *In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 332 (citing Rule 26(b)(3), advisory committee note to 1970 amendments) (emphasis added in *Convergent*). The Advisory Committee note continues that

"documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." Rule 26(b)(3), advisory committee note to 1970 amendments.

In attempting to determine to what extent a Rule 33 contention interrogatory may require another party to disclose their attorney's mental impressions, opinions, and conclusions without running afoul of Rule 26(b)(3), some district courts have distinguished interrogatories requesting "facts" from those requesting "evidence." In *Johnson v. Ocean Ships, Inc.*, the Western District of Washington considered a defendant's argument that an interrogatory asking the defendant to "[s]eparate by number, provide factual basis for each of your affirmative defenses, and for each specify and identify supporting witnesses and documents," required work product protected information. *Johnson v. Ocean Ships, Inc.*, No. C05-5615RJB, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006). The court agreed with the defendant, finding persuasive the Third Circuit's decision in *Sporck v. Peil* that grouping certain documents together out of large numbers of documents constituted work product because it represented "counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation." *Id.* (citing *Sporck v. Peil*, 759 F.2d 312, 315 (3rd Cir. 1985)). In *Campbell v. Washington*, the Western District of Washington distinguished *Johnson* and *Sporck* in finding that an interrogatory asking a defendant to "[i]dentify each and every fact which supports your contention that Plaintiffs 'failed to state a claim for which relief can be granted'" did not implicate the work product doctrine. *Campbell v. Washington*, No C08-0983-JCC, 2009 WL 577599, at *2 (W.D. Wash. Mar. 5, 2009). The court explained that, unlike the interrogatory in *Johnson*, the interrogatory at issue did not request "identification of exact documents and witnesses…for each affirmative defense. Rather [it sought] facts." *Id.*

A court in this district has also concluded that an interrogatory seeking facts is acceptable under Rule 26(b)(3), but an interrogatory asking counsel to organize pieces of evidence is not. *Torres v. Cardenas Markets, LLC*, No. 2:24-cv-01032-GMN-EJY, 2025 WL 1735564, at *3 (D.

Nev. June 23, 2025).³ There, the defendant's interrogatories asked the plaintiff to "specifically identify…evidence" she contended "demonstrate[d]" that the defendant: (1) knew of the hazard on the floor that allegedly caused her to fall was a "virtually continuous condition"; (2) could or should have known of the hazard on the floor before Plaintiff fell; and (3) had actual notice of the hazard on the floor that allegedly caused Plaintiff to fall. *Id.* at *1. The court found that, because the interrogatories asked the plaintiff to identify evidence—rather than facts—the plaintiff's responses would constitute work product. *Id.* at *1, 3. The court reasoned that facts are different than evidence⁴ and concluded that requiring the plaintiff to identify what evidence supported certain contentions would reveal the plaintiff's attorney's "theories, opinions, or mental impressions." *Id.* (citing *U.S. ex rel Bagley v. TRW, Inc.*, 212 F.R.D. 554, 563 (C.D. Cal. 2003) (stating that "[w]here the selection, organization, and characterization of facts reveals the theories, opinions, or mental impressions of a party or the party's representative, that material qualifies as opinion work product")). So, the court interpreted the defendant's interrogatories as requesting the identification of *facts* as opposed to evidence, and required the plaintiff to respond to the interrogatories using that interpretation. *Id.* The court further explained that, if there were documents that had been produced or witnesses that had been identified supporting the plaintiff's responses, that the plaintiff needed to identify those witnesses and documents. *Id.*

Here, the Court finds that, as written, Defendant's interrogatories would require Plaintiff to divulge tangible things, specifically counsel's written organization of pieces of evidence, prepared in anticipation of litigation or trial. Although a Rule 33 contention interrogatory may require Plaintiff to disclose, to some extent, her attorney's mental impressions, opinions, and conclusions, those disclosures may not include "documents or parts of documents containing

---

³ The parties in *Torres* are represented by the same counsel as the parties here. Counsel for plaintiff in *Torres*—same as counsel for Plaintiff here—has objected to the Honorable Magistrate Judge Elayna J. Youchah's order regarding the contention interrogatories in that case, and the objection remains pending. *See Torres v. Cardenas Markets, LLC*, No. 2:24-cv-01032-GMN-EJY, at ECF No. 34 (D. Nev.).

⁴ The court relied on Federal Rule of Evidence 401(a) for this proposition, explaining that the test for relevant evidence under that rule is whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence."

these matters…prepared for internal use." Rule 26(b)(3), advisory committee note to 1970 amendments. While it is not clear to the Court whether Plaintiff's counsel has created an internal document identifying which pieces of evidence support which contentions she makes in the matter, it is conceivable that her counsel has. To the extent her counsel has not, the Court finds *Johnson*, *Campbell*, and *Torres* persuasively stand for the proposition that requiring her counsel to create this document and then reveal it in response to these interrogatories would invade the work product doctrine.

      Rule 33 and Rule 26(b)(3) ask the Court to draw a fine line, allowing for interrogatories to seek, to some extent, an attorney's mental impressions, opinions, and conclusions. While Plaintiff argues that the court's decision in *Torres* drew the line too finely and that identifying facts implicates work product as much as identifying evidence does, the Court disagrees. For example, identifying the *facts* which Plaintiff contends demonstrate that Defendant "could or should have known before [Plaintiff] fell about the hazard on the floor" and explaining how those *facts* support Plaintiff's contention may look very different than identifying the *evidence* that supports those contentions. A fact supporting that contention may be (hypothetically of course) that certain of Defendant's employees walked past the hazard. And an explanation about why that fact supports the contention may be (again hypothetically) that the employees should have seen the hazard while walking past. On the other hand, identifying the evidence that supports that contention could require Plaintiff to identify bathroom cleaning logs, exact video footage of employees entering and exiting the bathroom, the time stamps of that footage, deposition transcripts of those employees, photographs of the floor, or any other type of evidence that could support the contention and to explain exactly why that evidence supports it. So, while interrogatories requesting certain facts would require Plaintiff's counsel, to some extent, to reveal their mental impressions, opinions, and conclusions, fact-based interrogatories invade those categories far less than requiring Plaintiff to identify certain evidence. The Court therefore finds *Torres* persuasive, but declines to require Plaintiff to respond to contention interrogatories by identifying specific documents and witnesses as the *Torres* court required.

The Court further declines to interpret or rewrite Defendant's interrogatories.[5]  However, because the Court has granted Defendant's requested extension, the Court will permit Defendant to re-write and re-serve those re-written interrogatories and will consider that service to be timely.  The Court therefore denies Defendant's request that the Court compel Plaintiff to respond to its interrogatories as they are currently written.

**IT IS THEREFORE ORDERED** that Defendant's motion to extend time and to compel (ECF No. 34) is **granted in part and denied in part.**  It is granted in part regarding Defendant's request for an extension of time.  The Court will extend the discovery cutoff deadline only for the purpose of Defendant's previously-issued interrogatories to be deemed timely and so that Defendant may re-write and re-serve its interrogatories in accordance with this order.  Defendant must serve those renewed interrogatories on or before **October 30, 2025.**  Plaintiff's responses are due in the ordinary course.  Defendant's request for the Court to compel Plaintiff to respond to the interrogatories, as they are currently written, is denied.

DATED: October 17, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendant proposes that, if the Court finds that its interrogatories are objectionable because they use the word "evidence," that the Court should interpret them to use the word "facts."  (ECF No. 34 at 6-7).